# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CP-00099-COA

**JOHNNY LEE SADDLER A/K/A JOHNNY SADDLER A/K/A JOHNNY L. SADDLER**    APPELLANT

**v.**

**STATE OF MISSISSIPPI**    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 12/01/2023 |
| TRIAL JUDGE: | HON. LEE JACKSON HOWARD V |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOHNNY LEE SADDLER (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 09/16/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., LAWRENCE AND McCARTY, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.    A criminal defendant's petition for post-conviction relief was dismissed by a trial court as time-barred. Finding no error, we affirm.

¶2.    Johnny Saddler pled guilty to felony car theft in 2009. The Lowndes County Circuit Court sentenced him to a term of five years in custody, all suspended, and placed him on five years of supervised probation.

¶3.    Sixteen years later, in 2023, Saddler filed a petition for post-conviction collateral relief. The trial court found that his PCR petition was "filed past the statute of limitations provided in Section 99-39-5," and "the motion meets none of the exceptions of Section 99-39-5." Consequently, Saddler's petition was dismissed. Saddler appeals.

¶4. "When we review the dismissal or denial of a PCR motion, we review issues of law de novo but will not disturb the trial court's findings of fact unless they are clearly erroneous." *Hyland v. State*, 401 So. 3d 1056, 1058 (¶8) (Miss. Ct. App. 2024).

¶5. Mississippi Code Annotated section 99-39-5(2) directs that "a PCR motion must be filed 'within three (3) years after the time in which the petitioner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired.'" *Id*. at 1058 (¶10) (quoting Miss. Code Ann. § 99-39-5(2) (Rev. 2020)).

¶6. Post-conviction "claims are time-barred if they are filed beyond the three-year time period *unless* the claim fits within one of the express statutory exceptions." *Bell v. State*, 378 So. 3d 420, 421 (¶4) (Miss. Ct. App. 2023) (emphasis added) (citing *Howell v. State*, 358 So. 3d 613, 615 (¶¶7-8) (Miss. 2023)). The petitioner "must prove an exception applies" to overcome the statutory bar. *Id.* at 421 (¶5); *see also Hyland*, 401 So. 3d at 1059 (¶11) (defendant "bears the burden to prove a statutory exception to the UPCCRA's statute of limitations").[1]

¶7. Saddler pled guilty and was sentenced by the trial court in 2009. Therefore, the statute of limitations for filing a PCR petition expired in 2012. Saddler did not pursue post-

---

[1] The exceptions "include 'an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence;' new evidence that was 'not reasonably discoverable at the time of trial;' 'biological evidence not tested' or subject to new 'DNA testing' that would have impacted the conviction or sentence; or when a movant's 'sentence has expired or his probation, parole or conditional release has been unlawfully revoked.'" *Bell*, 378 So. 3d at 421 (¶4) (quoting Miss. Code Ann. § 99-39-5(2)(a)-(b)).

conviction relief until 2023, well beyond the 3-year period for seeking relief. "Moreover, [Saddler] has not demonstrated that any statutory exception applies." *Hyland*, 401 So. 3d at 1059 (¶11). Therefore the trial court was correct in dismissing Saddler's PCR petition as time-barred by law.

¶8.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.**